UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:21CR706 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| Devonn Fair, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court are various motions filed by numerous defendants. Specifically, the following motions are pending:

a) Motion for Disclosure of Information by Branea Bryant (Doc. 276);

b) Motion to Compel Discovery by Branea Bryant (Doc. 363);

c) Motion for the Right to Inspect by Branea Bryant (Doc. 392);

d) Motion for supplemental discovery by Branea Bryant (Doc. 394);

e) Motion to join in Doc. 276 by Brandon Bryant (Doc. 283);

f) Motion to join in Doc. 394 by Brandon Bryant (Doc. 395);

g) Motion to join in Doc. 276 by Ramel Drew (Doc. 289); and

h) Motion for Witness List by Ramel Drew (Doc. 385).

The Court now resolves these motions.

With respect to the motions to join (Docs. 283, 289, and 395), the motions are GRANTED. Each defendant will be considered to have made the arguments raised in the primary motions.

Branea Bryant moves for an order that requires a variety of information be provided about

the Government's confidential informants or sources. With respect to identifying the confidential informants, the Supreme Court has noted:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. Most of the federal cases involving this limitation on the scope of the informer's privilege have arisen where the legality of a search without a warrant is in issue and the communications of an informer are claimed to establish probable cause. In these cases, the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication.

*Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)(footnotes omitted). An *in camera* hearing is not required when the defendant fails to identify how the informant's testimony could be relevant or helpful. *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir.1985). A defendant bears the burden of demonstrating to the court "how disclosure of the informant would substantively assist in his defense." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).

Within her motion, Branea Bryant offers no factual or legal argument to support her request that information regarding the informants be provided in advance of the deadlines specified in the Court's pretrial order.[1] While Bryant appears to suggest that some of the information requested must be provided as *Brady* evidence, she has not identified any information that was improperly withheld. To the extent that Bryant believes information exists that is mandated to be provided and is within the Government's possession, she is free to identify that information and provide legal argument regarding its disclosure at the final pretrial in this matter. However, having failed to identify any legal or factual basis to alter the deadline for identifying witnesses, Bryant's motion

---

1 In fact, the motion does not contain a single legal citation.

to identify the confidential informants is DENIED.[2]

For the same reasons, Bryant's motion to compel discovery and motion for supplemental discovery are DENIED. Within those motions, Bryant effectively seeks the same information that she requested in her motion to disclose the confidential informants. As Bryant has not identified any improperly withheld information, there is no legal basis to order further disclosure.[3] The motion is DENIED.

Bryant also moves for the right to inspect exhibits and confer with witnesses. To the Court's knowledge, nothing has stood in the way of counsel conferring with the Government to access and review exhibits. Similarly, the Court's trial order specifies the timing of the disclosure of trial witnesses. Nothing prohibits counsel from contacting those witnesses following their disclosure. Accordingly, the motion seeking a "right" to do those activities is DENIED AS MOOT.

Finally, Ramel Drew's motion for a witness list is DENIED. The Court's trial order requires the disclosure of witnesses in a manner that allows ample time for trial preparation, and Drew has failed to identify any reason for the Court to vary from its deadline.

    IT IS SO ORDERED.

    November 4, 2022                            /s/ *John R. Adams*
Date                                          Judge John R. Adams
                                                United States District Court

---

2 It is unclear whether this motion is moot by virtue of the passage of time. The Government provided 126 names to be included in the Court's juror questionnaire which is now available to the defendants. If the informants' names are contained therein, the entirety of the request is likely moot.

3 Bryant appears to time and again allege that Source 1 was referred for a psychiatric evaluation and in need of medication. It is entirely unclear what Bryant contends should be disclosed related to these assertions. As such, she has not met her burden to demonstrate that further production is required by the Government.