UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR361 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| DEVONN FAIR, et al., | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

  Pending before the Court is a motion in limine filed by the Government seeking a ruling from the Court on four discrete issues. The Court now resolves the pending requests.

  Initially, the Government seeks permission to allow its primary case agent to testify in two different segments of the trial. Consistent with Fed.R.Evid. 611, the Court will exercise its discretion to allow the agent to testify in segments. In the past, the Court has permitted this approach in lengthy and complex trials. Given that the trial is expected to span multiple weeks and utilize roughly 50 witnesses, the Court finds it appropriate to allow the case agent to testify at two distinct times during the Government's case-in-chief.

  Next, the Government seeks permission to have two case agents remain at counsel table and not subject to the Court's order for a separation of witnesses. Specifically, the Government seeks permission for FBI Special Agent Todd Platt and IRS Special Agent Daniel Groseclose to remain in the courtroom throughout trial. "The 'essential' witness exception set out in Rule 615(3) 'contemplates such persons as an agent who handled the transaction being litigated or an

expert needed to advise counsel in the management of the litigation.' Advisory Committee Notes to Fed.R.Evid. 615." *United States v. Phibbs*, 999 F.2d 1053, 1073 (6th Cir. 1993). Herein, given the distinct aspects of this matter that includes both allegations of drug trafficking and money laundering, the Court finds that both agents are essential to the Government to effectively and efficiently present its case. Accordingly, both agents will be permitted to remain at counsel table throughout the trial.

Next, the Government seeks permission to provide evidence that certain defendants lacked any legitimate source of income and rented a particular property utilizing a fictitious name. Given the charges of both drug trafficking and money laundering, it is apparent to the Court that type of evidence is directly relevant and therefore admissible. Subject of course to any other challenge to admissibility, the Government may present this evidence.

Finally, the Government seeks to prohibit any cross-examination regarding the identity of Source 1. Specifically, the Government asserts that no charges in the superseding indictment arise from any conduct that involved Source 1. The Court will hold in abeyance any ruling on this issue.

> With respect to identifying the confidential informants, the Supreme Court has noted:
>
> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. Most of the federal cases involving this limitation on the scope of the informer's privilege have arisen where the legality of a search without a warrant is in issue and the communications of an informer are claimed to establish probable cause. In these cases, the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication.

*Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)(footnotes omitted). An *in camera* hearing is

not required when the defendant fails to identify how the informant's testimony could be relevant or helpful. *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir.1985). A defendant bears the burden of demonstrating to the court "how disclosure of the informant would substantively assist in his defense." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).

To date, there has been no showing of any benefit to revealing the identity of Source 1. However, the Court will allow argument from the Defendants during the trial once the Government has presented witness testimony. Defendants, however, are cautioned that no questions shall be asked regarding the identity of Source 1 until after a ruling by the Court. Accordingly, any counsel seeking to pursue such a line of questioning shall alert the Court so that the matter may be decided outside the presence of the jury.

IT IS SO ORDERED.

November 8, 2022 /s/ *John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE