UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR706 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| DEVONN FAIR, et al., | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On November 10, 2022, the Court conducted a hearing in this matter that involved the start of the jury selection process. During the hearing, counsel for Defendant Branea Bryant expressed concern over the seating arrangements made for trial. Specifically, counsel seemed to express concern over the fact that he and his client were placed at the rear of three tables, closest to the gallery and public entrance of the Courtroom.

Initially, the Court notes that the Courtroom of the undersigned was reconfigured specifically to fulfill the needs presented by a trial involving six defendants. Rather than a single counsel table, three table were set up. Moreover, Court staff ran additional wiring to ensure that microphones and monitors were available and visible to all counsel and defendants. These tables were setup perpendicular to the bench to allow all counsel and parties the opportunity to face witnesses and the jurors with little movement.

With respect to the placement of the individual defendants and counsel, the Court determined that Ms. Bryant should logically be placed at the rear table for several reasons. First,

the other 5 defendants are each in custody. As such, they are required to enter and exit the Courtroom through a secure door at the front of the Courtroom. By placing Ms. Bryant at the rear table, these in-custody defendants will not need to pass by her each time they enter or exit the Courtroom. Moreover, this placement will allow Ms. Bryant will be able to freely exit through the public entrance and exit at the rear of the Courtroom during any break. Finally, the Court is also mindful of the fact that Ms. Bryant's counsel has some physical limitations as reflected by his use of an ambulatory aide. By placing Ms. Bryant at the rear table, counsel will have the easiest path to enter and exit counsel table. Moreover, in approaching the podium, counsel will not be required to navigate around or through any other counsel or defendants.

Thus, absent some showing that a change in seating is necessary to prevent some prejudice to Ms. Bryant, the Court will maintain its current seating arrangements.

IT IS SO ORDERED.


November 14, 2022    /s/ John R. Adams
                     JUDGE JOHN R. ADAMS
                     UNITED STATES DISTRICT JUDGE